RODGERS, Justice
(concurring).
I concur in the results reached in our original opinion. I base my thinking, however, upon the proposition that the State of Mississippi did not reserve the right to inspect the stock of light wines and beer kept for sale by the licensee in the instant case, under the police power of the State to control the sale of beer. As I see the law — the State of Mississippi has the authority under its police power to control or prohibit the sale of beverages containing alcohol, or it may license the sale of intoxicants, including beer, upon any method of control the legislature may deem necessary for the protection of the citizens of this state. In so doing, the State may reserve the right to inspect the stock of beer authorized to be sold by a licensee. On the other hand, the failure of the State of Mississippi to reserve the right to administratively inspect the stock of beer offered for sale by a licensee prevents the State from enacting all laws authorizing any officer to search the premises of the licensee without a search warrant. This is true, not only because Mississippi Constitution section 23 prohibits the legislature from enacting laws permitting officers to search property of its citizens, but because the fourth amendment of the Constitution of the United States is now applicable to the authority of the states. The keystone supporting the legal arch of administrative inspection is the reservation by the State of the control of a business in which there is a public interest under the police power of the State. The State may inspect when the law reserves control; without it officers cannot be authorized by the legislature to inspect.
In the instant case, the right to inspect the stock of beer was not reserved in the licensing of the sale of beer, and in order to search the premises of the licensee, the officers, any officers, had to have a search warrant. The search in this case was therefore illegal. The proprietress of the cafe, or her agent, had a right to protest, and in so doing was not interfering with the lawful duties of an officer.